UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TODD BROWN,

                              PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER CALDERON,
POLICE OFFICER BRENTON COLE, POLICE
OFFICER PETER RUBIN, individually, and as members
of the New York City Police Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

**AMENDED COMPLAINT**

**ECF CASE**

**10 CV4675 (ERK)(LB)**

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Todd Brown seeks relief for the violation of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident which took place on August 19th, 2010, in which an officer of the New York City Police Department acting under color of state law, intentionally and willfully subjected Mr. Todd Brown to an improper visual body cavity inspection.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants as an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction over plaintiff's state law claims is asserted pursuant to 28 USC 1367.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Todd Brown is a United States citizen and at the time of the incident was a resident at 1169 Greene Avenue, Brooklyn, New York 11221. Mr. Brown currently resides at 190-40 99th Avenue, Queens, New York 11423.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Calderon, Shield 9116 ("PO Calderon"), Police Officer Brenton Cole, Shield 20081 ("PO Cole"), Police Officer Peter Rubin, Shield 933299 ("PO Rubin") at all times here relevant were members of the New York City Police Department, and are sued in their personal and professional capacities.

9. At all times mentioned, defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. On or about August 19th, 2010, Mr. Brown was riding his bicycle on Greene Avenue, Queens, New York, when he was pulled over by an unmarked police car.

11. PO Calderon, PO Rubin, and PO Cole emerged from the police car and searched Mr. Brown. PO Calderon discovered what he believed to be marihuana in Mr. Brown's pocket and arrested Mr. Brown.

12. Mr. Brown was taken to New York Police Department's ("NYPD") 83rd Precinct, which is located at 480 Knickerbocker Avenue, Brooklyn, New York, New York.

13. At the 83rd Precinct PO Calderon led Mr. Brown to an empty cell at the back of the building. PO Calderon ordered Mr. Brown to remove all of his clothes to allow PO Calderon to carry out a visual body cavity inspection.

14. Mr. Brown objected to PO Calderon's request. PO Calderon informed Mr. Brown that "everyone has to go through this".

15. Mr. Brown removed all of his clothes while PO Calderon observed from the doorway of the cell.

16. PO Calderon ordered Mr. Brown to turn around, bend over and spread his buttock cheeks. Mr. Brown carried out PO Calderon's orders while PO Calderon looked into his anus from the cell doorway.

17. Mr. Brown put his clothes back on after the visual cavity search had finished.

18. Mr. Brown was arraigned on August 20th, 2010 in Part AR2 in King's County Criminal Court, where he received a marihuana adjournment in contemplation of dismissal (MACD). C.P.C Section 170.56

19. Mr. Brown feels fear, embarrassment, humiliation, emotional distress, frustration, and anxiety as a result of the events which took place in the police cell on August 19th, 2010.

20. Mr. Brown feels traumatized by these events and is wary and fearful when he sees NYPD officers. Mr. Brown takes efforts to avoid police officers when in public.

## FIRST CAUSE OF ACTION

(Fourth and Fourteenth Amendment to United States Constitution– Unreasonable Search)

21. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

22. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was subjected to an improper visual body cavity inspection by the defendants without a specific factual basis supporting a reasonable suspicion to believe that plaintiff secreted evidence inside a body cavity

23. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $250,000.00.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Monell Claim)

24. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

25. The City, was a final decision maker, and as a matter of policy and practice, have acted with a reckless indifference to plaintiff's rights under the Constitution and laws of the United States. The City is thus liable for the damages suffered by plaintiff as a result of the conduct of the defendants listed in the complaint in the illegal and

4

wrongful acts detailed above, and as a result of the failure of The City to provide proper training on visual body cavity investigations.

26. The City knew or should have known that it is improper to carry out a visual body cavity inspection without a specific factual basis supporting a reasonable suspicion to believe that the arrestee secreted evidence inside a body cavity, and that such improper inspections are carried out as standard practice at the 83rd Precinct due to The City's failure to provide proper training on visual body cavity inspection.

27. The City has failed to take the steps necessary to correct this improper and illegal process and, as a result, have damaged plaintiff in an amount believed to equal or exceed $250,000.00.

## JURY DEMAND

Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding $250,000.00, for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
February 15, 2011

By: _____
Duncan Peterson (DP 7367)

Peterson Delle Cave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075