

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | BRIAN FRANCOLLA<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-0988<br>Fax: (212) 788-9776 |

March 12, 2012

**BY ECF**
Honorable Edward R. Korman
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Todd Brown v. City of New York, et al., 10 CV 4675 (ERK) (LB)

Your Honor:

        I write in response to an issue which was raised by plaintiff's counsel, Duncan Peterson, Esq., this afternoon regarding photographs defendant seeks to use as evidence at trial which is set to begin tomorrow. The photographs at issue are of the inside of the 83rd Precinct and it is defendant's position that these photographs will significantly aid the jury in resolving the issue of fact. Plaintiff's counsel seeks to preclude defendant from using these photographs at trial because he was not provided immediate access to inspect the 83rd Precinct today in advance of trial even though he would have ultimately been given access this evening, but refused to make himself available.

        The photographs at issue were taken on March 9, 2012, and produced to plaintiff's counsel via email later that day, as soon as the photographs had been scanned onto a computer (copy of the email annexed hereto as exhibit "A"). Plaintiff's counsel responded to the email described above the following morning, March 10, 2012, at 8:18 am (copy of the email annexed hereto as exhibit "B") thereby acknowledging receipt of same. Notwithstanding, plaintiff's counsel did not raise any issues regarding these photographs until he left a voicemail message on my answering machine this afternoon at 2:06 pm demanding immediate access to the 83rd Precinct – a message which I did not receive until sometime thereafter due to the fact that I was away from my desk preparing for trial. At 3:29 pm, Your Honor's deputy left a voicemail message for the undersigned directing the parties to resolve this issue in advance of trial and thus, indicating that plaintiff's counsel had already raised same with the Court in violation of Local Civil Rule 37.3 prior to conferring with defense counsel. Shortly thereafter, defense counsel spoke with plaintiff's counsel who indicated that unless he was given immediate access

to the 83rd Precinct – something we could not provide on such short notice – he would seek to preclude defendant from using the aforementioned photographs at trial. I was then able to speak with Your Honor's deputy at 5:15 pm and she advised me to do whatever I could in order to enable plaintiff's counsel access to the 83rd Precinct this evening so as to resolve the issue before trial.

In response, and on extremely short notice, I began to make arrangements with the New York City Police Department in order for an inspection of the 83rd Precinct to take place this evening. Myself and my co-counsel, Noreen Stackhouse, attempted to call plaintiff's counsel at 7:06 pm in order to determine his availability to perform the inspection as requested during the tour change shortly before midnight, however, after the phone rang approximately 10 times, no one answered and we were unable to leave a voicemail. We then emailed plaintiff's counsel at 7:10 pm to explain the situation and requested that he get back to us regarding his availability by 7:45 pm since arrangements would have to be made to accommodate his request on such short notice. Plaintiff's counsel did not respond until 8:33 pm by email within which he simply stated that defendant's proposed arrangements "will not work." (copy of the email attached as Exhibit "C")

First, plaintiff never utilized Rule 34(a)(2) of the Federal Rules of Civil Procedure to inspect the 83rd Precinct, despite having ample time during the discovery period to do so. Had he done so, defendant would have accommodated his request and made the appropriate arrangements. In fact, despite the failure of plaintiff's counsel to timely request a site inspection, defense counsel was prepared to allow plaintiff's counsel the opportunity to inspect the Precinct this evening even though the request was only made this afternoon and would have required the undersigned to join him at or around midnight the evening before trial was set to begin.

Second, defendant's delayed production of the photographs of the 83rd Precinct was not done in bad faith. In preparing for trial over the past week, it became apparent that photographs of the Precinct would aid the trier of fact at trial. As such, on Friday, March 9, 2012, defense counsel made arrangements to take photographs of the 83rd Precinct and upon our return had the photographs scanned onto a computer and e-mailed them to plaintiff's counsel, giving him three days before trial to prepare using same. As stated previously, plaintiff's counsel acknowledged receipt of these photographs on Saturday, March 10, 2012 at 8:18 am, but made no complaints at that time. Plaintiff's counsel waited until approximately 2:07 pm on Monday, March 12, 2012, to demand inspection of the Precinct without any explanation as to why inspection was necessary. Specifically, plaintiff's counsel simply wrote: "I need to gain access immediately to the 83 Precinct. Thank you." (copy of the email annexed hereto as exhibit "D") Despite the inconvenience to defense counsel, defendant was prepared to comply with plaintiff's request and yet, after forcing defense counsel to resolve numerous logistical issues which required significant efforts to enable the site inspection to take place this evening, he refused to respond for almost an hour and a half before simply rejecting the proposed arrangements without even attempting to work something out.

Third, notwithstanding defendant's failure to disclose these photographs during the discovery period, it is defendant's position that the photographs should be admissible at trial. Plaintiff's sole claim is that he was strip searched in a cell in the rear of the 83rd Precinct by

defendant Police Officer Rubin. It is defendant's position that this strip search never took place. As such, photographs of the rear cell area as well as the layout of the Precinct are relevant under 401 insofar as it's defendant's position that the layout of the Precinct precludes the likelihood that any such search could have been performed clandestinely. Additionally, this evidence is not prejudicial under 403, as it is not inflammatory, cumulative, or a waste of the jury's time. In actuality, the photographs will aid the jury in understanding the testimony of witnesses Police Officer Rubin, Police Officer Cole and Sergeant Passamenti for the aforementioned reason. As such, defendant should not be precluded from using the photographs of the 83rd Precinct at trial. Notwithstanding, in the event the Court declines defendant's motion to admit these photographs into evidence, defendant requests that defense counsel be permitted to use the photographs as demonstrative evidence during the testimony of defendant's witnesses as well as during the closing argument.

Lastly, insofar as the Court construes plaintiff's request to preclude the photographs as falling within the ambit of Rule 37 of the Federal Rules of Civil Procedure, defendant submits that any preclusion of these photographs would not be justified. Under Fed. R. Civ. P. 37, "a party may not use at trial evidence that it failed to disclose during discovery unless the failure was "substantially justified or . . . harmless." Mugavero v. Arms Acres, Inc., 03 Civ. 05724 (PGG), 2009 U.S. Dist. LEXIS 56214 at *3-4 (S.D.N.Y. July 1, 2009) (citing Fed. R. Civ. P. 37(c)(1)). "Even if the failure to disclose was not substantially justified or was harmless, the Court must consider the following four factors in determining whether to preclude the evidence: '(1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance.'" Id. (citing DeSantis v. Deutsche Bank Trust Co. Americas, Inc., No. 05-Civ.-10868 (DC), 2009 U.S. Dist. LEXIS 3786 at *4 (S.D.N.Y. Jan. 9, 2009)). Here, the failure to produce these photographs was justified in that the evidence is simply helpful to the trier of fact and does not in any way affect either party's version of events. Moreover, defendant's failure to produce these photographs at an earlier date was harmless because plaintiff's counsel was given 3 days to review the photos and the opportunity to inspect the Precinct shortly after he requested same. Furthermore, these photographs depict areas of the Precinct plaintiff has already testified about so it is not anything that will be a surprise.

Accordingly, the photographs at issue should be admissible as evidence at trial which will significantly aid the trier of fact. To the extent the photographs were not produced during discovery, plaintiff did not request an inspection nor would the admission of these photographs in the manner proposed prejudice him at trial. Finally, plaintiff's counsel was given the opportunity to inspect the Precinct and resolve his concerns, only after extensive efforts by defense counsel on the eve of trial, however, he failed to timely respond or ultimately make himself available. Thus, the Court should deny any request by plaintiff to preclude these photographs.

Thank you for your attention to the within matters.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Duncan Peterson, Esq. (by ECF)
Peterson Dellecave LLP
Attorneys for Plaintiff
233 Broadway, 18th Floor
New York, New York 10279